Filed
Caroline Woodburn
District Clerk
4/10/2015 12:09:33 PM
Potter County, Texas
By _____ Deputy

104039-B

CAUSE NO. _____

| | | |
|---|---|---|
| JUAN CASTANON AND ROCIO CASTANON,<br>    Plaintiffs, | §<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | POTTER COUNTY, TEXAS |
| ALLSTATE TEXAS LLOYD'S AND JENNIFER BLAIR,<br>    Defendants. | §<br>§<br>§<br>§ | 181st<br>_____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Juan Castanon and Rocio Castanon ("Plaintiffs"), and file this *Plaintiffs' Original Petition*, complaining of Allstate Texas Lloyd's ("Allstate") and Jennifer Blair ("Blair") (collectively referred to as "Defendants"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2.    Plaintiffs Juan Castanon and Rocio Castanon are individuals residing in Potter County, Texas.

**EXHIBIT**

B-1

B R

3.    Defendant Allstate is an insurance company engaging in the business of insurance in the

State of Texas.  This defendant may be served with personal process, by a process server,

by serving its Attorney for Service, CT Corporation System, 1999 Bryan Street, Suite

900, Dallas, Texas 75201.

4.    Defendant Jennifer Blair is an individual residing in and domiciled in the State of

Tennessee.  This defendant may be served with personal process by a process server at

her place of residence at 116 Swann Ln., Decherd, Tennesee 37324.

## JURISDICTION

5.    The Court has jurisdiction over this cause of action because the amount in controversy is

within the jurisdictional limits of the Court.  Plaintiffs are seeking monetary relief over

$200,000 but not more than $1,000,000.  Plaintiffs reserve the right to amend their

petition during and/or after the discovery process.

6.    The Court has jurisdiction over Defendant Allstate because this defendant is a domestic

insurance company that engages in the business of insurance in the State of Texas, and

Plaintiffs' causes of action arise out of this defendant's business activities in the State of

Texas.

7.    The Court has jurisdiction over Defendant Blair because this defendant engages in the

business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of

action arise out of this defendant's business activities in the State of Texas.

## VENUE

8.    Venue is proper in Potter County, Texas, because the insured property is situated in

Potter County, Texas.  TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

9.  Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Allstate.

10. Plaintiffs own the insured property, which is specifically located at 3127 Pittsburg St., Amarillo, Texas 79103, in Potter County (hereinafter referred to as "the Property").

11. Allstate sold the Policy insuring the Property to Plaintiffs.

12. On or about May 28, 2013, a hail storm and/or windstorm struck Potter County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiffs' residence ("the Storm"). Specifically, Plaintiffs' roof sustained extensive damage during the storm. Water intrusion through the roof caused significant damage throughout the entire home and garage including, but not limited to, the home's ceilings, walls, insulation, and flooring. Plaintiffs' home also sustained substantial structural and exterior damage during the storm. For example, Plaintiffs' fence, shed, and air conditioning unit suffered damages. After the storm, Plaintiffs filed a claim with their insurance company, Allstate, for the damages to their home caused by the Storm

13. Plaintiffs submitted a claim to Allstate against the Policy for Other Structure Damage, Roof Damage, Structural Damage, Water Damage, and Wind Damage the Property sustained as a result of the Storm.

14. Plaintiffs asked that Allstate cover the cost of repairs to the Property, including, but not limited to, repair and/or replacement of the roof and repair of the gutters, siding and interior water damages to the Property, pursuant to the Policy.

15. Defendant Allstate assigned Defendant Blair as the individual adjuster on the claim. The adjuster assigned to Plaintiffs' claim was improperly trained and failed to perform a

thorough investigation of Plaintiffs' claim. On or about September 17, 2013, Blair conducted a substandard inspection of Plaintiffs' property. The inadequacy of Blair's inspection is evidenced by her report, which failed to include all of Plaintiffs' damages noted upon inspection. For example, Blair omitted some of the interior damages from her report. Moreover, Blair both underestimated and undervalued the cost of repairs to the damaged items that she did include in the estimate. Furthermore, Blair's estimate underpriced the cost of materials required for necessary repairs. Ultimately, Blair's estimate did not allow adequate funds to cover the cost of repairs to all the damages sustained. Blair's inadequate investigation of the claim was relied upon by the other parties in this action and resulted in Plaintiffs' claim being undervalued and underpaid.

16.    Together, Defendants Allstate and Blair set about to deny and/or underpay on properly covered damages. As a result of these Defendants' unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during their investigation, thus denying adequate and sufficient payment to Plaintiffs to repair their home, Plaintiffs' claim was improperly adjusted. The mishandling of Plaintiffs' claim has also caused a delay in their ability to fully repair their home, which has resulted in additional damages. To this date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy.

17.    As detailed in the paragraphs below, Allstate wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, Allstate underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

18. To date, Allstate continues to delay in the payment for the damages to the property. As such, Plaintiffs have not been paid in full for the damages to their home.

19. Defendant Allstate failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. Allstate's conduct constitutes a breach of the insurance contract between Allstate and Plaintiffs.

20. Defendants Allstate and Blair misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants Allstate's and Blair's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

21. Defendants Allstate and Blair failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants Allstate's and Blair's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

22. Defendants Allstate and Blair failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants Allstate and Blair failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants Allstate and Blair did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle

Plaintiffs' claim.  Defendants Allstate's and Blair's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(3).

23.  Defendants Allstate and Blair failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time.  Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants Allstate and Blair.  Defendants Allstate's and Blair's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(4).

24.  Defendants Allstate and Blair refused to fully compensate Plaintiffs under the terms of the Policy, even though Defendants Allstate and Blair failed to conduct a reasonable investigation.  Specifically, Defendants Allstate and Blair performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.  Defendants Allstate's and Blair's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

25.  Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim.  Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

26.  Defendant Allstate failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information.  Allstate's conduct

constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

27. Defendant Allstate failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed, and, to date, Plaintiffs have not received full payment for their claim. Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

28. From and after the time Plaintiffs' claim was presented to Defendant Allstate, the liability of Allstate to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Allstate has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing.

29. Defendants Allstate and Blair knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

30. As a result of Defendants Allstate's and Blair's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing them with respect to these causes of action.

31. Plaintiffs' experience is not an isolated case. The acts and omissions Allstate committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Allstate with regard to handling these types of claims.

Allstate's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST DEFENDANT BLAIR
### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

32. Defendant Allstate assigned Defendant Blair to adjust the claim. Defendant Blair was improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiffs' damages. During her investigation, the adjuster failed to properly assess Plaintiffs' hail storm and/or windstorm damages. The adjuster also omitted covered damages from her report, including many of Plaintiffs' interior damages. In addition, the damages that the adjuster did include in the estimate were severely underestimated.

33. Defendant Blair's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

34. Defendant Blair is individually liable for her unfair and deceptive acts, irrespective of the fact she was acting on behalf of Allstate, because she is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company

employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

35. Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendant's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe than they in fact were; (3) using her own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiffs received. Defendant Blair's unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

36. Defendant Blair's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

37. Defendant Blair failed to explain to Plaintiffs the reasons for her offer of an inadequate settlement. Specifically, Defendant Blair failed to offer Plaintiffs adequate compensation without any explanation as to why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be

forthcoming to pay for the entire losses covered under the Policy, nor did she provide any explanation for the failure to adequately settle Plaintiffs' claim. The unfair settlement practice of Defendant Blair as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

38.     Defendant Blair's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

39.     Defendant Blair did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' exterior and interior damages, although reported by Plaintiffs to Allstate. Defendant Blair's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### CAUSES OF ACTION AGAINST ALL DEFENDANTS

40.     Plaintiffs are not making any claims for relief under federal law.

### FRAUD

41.     Defendants Allstate and Blair are liable to Plaintiffs for common law fraud.

42.   Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendants Allstate and Blair knew were false or made recklessly without any knowledge of their truth as a positive assertion.

43.   The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

44.   Defendants Allstate and Blair are liable to Plaintiffs for conspiracy to commit fraud. Defendants Allstate and Blair were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs, Defendants Allstate and Blair committed an unlawful, overt act to further the object or course of action. Plaintiffs suffered injury as a proximate result.

### CAUSES OF ACTION AGAINST ALLSTATE ONLY

45.   Defendant Allstate is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

46.   Defendant Allstate's conduct constitutes a breach of the insurance contract made between Allstate and Plaintiffs.

47.   Defendant Allstate's failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the Policy in question, and under

the laws of the State of Texas, constitutes a breach of Allstate's insurance contract with Plaintiffs.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

48. Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

49. Defendant Allstate's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

50. Defendant Allstate's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Allstate's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

51. Defendant Allstate's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

52. Defendant Allstate's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an

unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

53.   Defendant Allstate's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

54.   Defendant Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

55.   Defendant Allstate's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

56.   Defendant Allstate's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

57.   Defendant Allstate's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

ACTS CONSTITUTING ACTING AS AGENT

58.   As referenced and described above, and further conduct throughout this litigation and lawsuit, Blair is an agent of Allstate based on her acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

59.   Separately, and/or in the alternative, as referenced and described above, Allstate ratified the actions and conduct of Blair, including the completion of her duties under the common law and statutory law.

BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

60.   Defendant Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

61.   Defendant Allstate's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Allstate knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

KNOWLEDGE

62.   Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiffs' damages described herein.

DAMAGES

63.   Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

64. As previously mentioned, the damages caused by the Storm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant Allstate's and Blair's mishandling of Plaintiffs' claim in violation of the laws set forth above.

65. For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorney's fees.

66. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. TEX. INS. CODE §541.152.

67. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

68. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

69. For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

70.     For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

71.     Plaintiffs hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Potter County, Texas. Plaintiffs hereby tender the appropriate jury fee.

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

72.     *Plaintiffs' Request for Disclosures to Defendant Allstate Texas Lloyd's* is attached as "Exhibit A." *Plaintiffs' Request for Disclosures to Defendant Jennifer Blair* is attached as "Exhibit A-1."

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

MOSTYN LAW

 /s/ René M. Sigman
René M. Sigman
State Bar No. 24037492
rmsdocketefile@mostynlaw.com
3810 W. Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFFS**

"EXHIBIT A"

CAUSE NO. _____

| | | |
|---|---|---|
| JUAN CASTANON AND ROCIO CASTANON, Plaintiffs, | § § § § | IN THE DISTRICT COURT OF |
| v. | § § § | POTTER COUNTY, TEXAS |
| ALLSTATE TEXAS LLOYD'S AND JENNIFER BLAIR, Defendants. | § § § § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' REQUEST FOR DISCLOSURES TO DEFENDANT ALLSTATE TEXAS LLOYD'S

TO:    DEFENDANT ALLSTATE TEXAS LLOYD'S, by and through its Attorney for Service, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that the above-named Defendant, Allstate Texas Lloyd's (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

MOSTYN LAW

*/s/ René M. Sigman*
René M. Sigman
State Bar No. 24037492
3810 W. Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

**ATTORNEY FOR PLAINTIFFS**

"EXHIBIT A-1"

CAUSE NO. _____

| | | |
|---|---|---|
| JUAN CASTANON AND ROCIO CASTANON,<br>     Plaintiffs, | §<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | POTTER COUNTY, TEXAS |
| ALLSTATE TEXAS LLOYD'S AND JENNIFER BLAIR,<br>     Defendants. | §<br>§<br>§ | _____ JUDICIAL DISTRICT |

### PLAINTIFFS' REQUEST FOR DISCLOSURES TO DEFENDANT JENNIFER BLAIR

TO:    DEFENDANT JENNIFER BLAIR, 116 Swann Ln., Decherd, Tennessee 37324.

        Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that the above-named Defendant, Jennifer Blair (hereinafter referred to as "Defendant"), disclose, within fifty-one (51) days after the date of service of this request, the information or material described in Rule 194.2.

Respectfully submitted,

MOSTYN LAW

 /s/ René M. Sigman
René M. Sigman
State Bar No. 24037492
3810 W. Alabama Street
Houston, Texas 77027
(713) 714-0000 (Office)
(713) 714-1111 (Facsimile)

ATTORNEY FOR PLAINTIFFS

Filed
Caroline Woodburn
District Clerk
4/10/2015 12:09:33 PM Page 19
Potter County, Texas
By _____ Deputy